### John Winslow v. The State.

#### No. 3595. Decided December 5, 1906.

**1.—Local Option—Other Sales—Minimum Fine—Harmless Error.**

·Where upon trial for a violation of the local option law, the State proved over defendant's objection that about an hour and a half prior to the alleged sale for which defendant was tried, the witness bought a bottle of whisky from defendant; and there appeared to be no system about·the sale for which defendant was tried, the court should not have charged on the question of system; however, as the minimum fine was assessed, and the above testimony could not have injured defendant's right, the error was harmless.

**2.—Same—Argument of Counsel—Bill of Exceptions.**

Where upon appeal upon a conviction for violating the local option law, the ·bill of exceptions merely showed an objection of appellant's counsel to the argu-ment of the State's counsel to the effect that defendant's counsel were trying to prevent the enforcement of the local option law, without a certification by the court that there was no provocation on the part of State's counsel to indulge in this remark, there was no error.

**3.—Same—Judicial Knowledge—Words and Phrases.**

An objection to the argument of State's counsel that the defense was hatched up by "bootleggers," without showing what is meant by this term, the court can-not take judicial knowledge as to what it means, or that such statement injured defendant.

**4.—Same—Response to Argument.**

Where the argument of the county attorney was nothing but a retort and reply to what defendant's counsel had stated, there was no error.

Appeal from the County Court of Trinity. Tried below before the Hon. C. H. Crow.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of violating the local option law, and his punishment fixed at a fine of $25 and twenty days confinement in the county jail.

Bill of exceptions number 1 shows, that the court permitted the State to prove over appellant's objection by Rolland Dudley, that about one and a half hours prior to the alleged sale, for which appellant was on trial, he (Dudley) bought a bottle of whisky from appellant. To which appellant objected on the ground that the same shows a separate and distinct sale, and showed no system or device used by defendant. The minimum fine was assessed. The proof of the sale is emphatically established. We do not believe that under these circumstances the evidence of a previous sale, an hour or so before, by the same defendant to the same witness, did or could injure appellant in this case. Of course, it is not permissible to prove separate and distinct offenses in a prosecution for either, unless they show system or go to illustrate and make manifest the intent of defendant. The court in his charge to the jury limits this evidence in the following manner: "You are instructed that the testimony admitted before you concerning another sale by defendant, is admitted before you not as any evidence of defendant's guilt in this case, but is admitted before you to be considered by you and to be given such weight as you may deem it entitled to in determining defendant's habit or system, if any there was, regarding the sale of intoxicating liquor, and for no other purpose whatsoever." This charge as stated above, was erroneous. There appeared to be no system about the sale, except a straight sale of the whisky. No device under which the sale was attempted to be covered except the fact that appellant claimed that he was acting as the agent of a third party in making the purchase as agent for the defendant. The court properly submitted the question of agency to the jury. In view of the minimum punishment, as stated, however, we do not believe this is such error as was calculated to injure the rights of appellant.

Bill number 2 shows that appellant complains of the following language of the county attorney in his argument to the jury: "The lawyers defending in this case don't care if the prohibition law is not enforced in this county, but on the other hand are trying to prevent its enforcement by every means within their power." Appellant objected on the ground that there was no evidence nor remarks from appellant's counsel calling for such remark by the county attorney, and such argument only served to prejudice the minds of the jury against defendant. The court approves this bill without any qualification, and leaves us to pass upon the matter as therein stated. The fact that counsel objects to a remark on the ground that appellant's counsel had made no remark to provoke such statement of the county attorney would merely be his objection to the argument and not a certification by the court to the fact that there was no provocation on his part that caused the remark. In the light of this bill we cannot say whether the remark was provoked or not.

Bill number 3 shows that in arguing the case, the county attorney used this language: "The defense in this case is a hatched up one.

I do not mean by that that these lawyers defending in this case have assisted in hatching it up; but these 'boot-leggers' know as much about such defenses as a lawyer." To which remarks counsel objected on the ground, that there was no evidence to the effect that defendant was a "boot-legger" and such remarks only tended to prejudice the mind of the jury against defendant. The record and bill are both silent as to what is meant by a boot-legger. We know of no law that authorizes us to take judicial knowledge as to what it means. If by "boot-legger" is meant that a party goes to church and pulls whisky out of his pants and sells it, then, according to the evidence, defendant was a boot-legger. If it means that he had to pull it out of his boot, then he was not a boot-legger. We cannot see how such statement injured appellant.

The fourth bill also complains of the argument of the county attorney. The explanation of the court to this bill shows that the argument of the county attorney was nothing but a retort and reply to what appellant's counsel had stated.

We have examined the record carefully, and in our opinion there is no such error as authorizes this court to reverse the case. The judgment is affirmed.

*Affirmed.*