## Ves Banks v. The State.

### No. 6062.   Decided January 26, 1921.

1.—Intoxicating Liquors—Manufacture—Equipment—Indictment.

Where, upon trial of possessing equipment for manufacturing spirituous, vinous and intoxicating liquors, the defendant moved to quash the indictment, on the ground that it contravened the Act of Congress on the same subject, the motion was properly overruled.

2.—Same—Indictment—Negative Allegations.

In a prosecution for possessing equipment for the illegal manufacture of intoxicating liquor under the so-called "Dean Law," it was not necessary for the indictment to negative matters of special defense, such as might arise from the possession of such equipment under a statutory permit; nor was the indictment vague and indefinite; nor was it necessary to allege that the defendant acquired such equipment subsequent to the passage of said Act.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of having in possession equipment for the manufacture, of spirituous, vinous and intoxicating liquors, etc., the evidence sustained the conviction, under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of having in possession equipment for the illegal manufacture of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

Leaving out formal allegations, the indictment alleged that Ves Banks, on or about the 7the day of August, 1920, and anterior to the presentment of this indictment in the County of Kaufman, and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific, or sacramental purposes, possess and have in his possession equipment for making spirituous, vinous, and intoxicating liquor and malt liquors and medicated bitters capable of producing intoxication, to wit: one barrel with corn chops and water in it, one small gasoline stove and burner, one five-gallon can; one coil of copper tube and pipe, two rubber tubes, against the peace and dignity of the State.

*Wynne & Wynne,* for appellant.—On question of insufficiency of indictment: Bell v. State, 137 S. W. Rep., 675; Keith v. State, 58 Texas Crim. Rep., 418; Slack v. State, 136 S. W. Rep., 1090; White v. State, 198 S. W. Rep., 964; Knight v. State, 158 id., 543; Norry v. State, 62 Texas Crim. Rep., 492.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Mandosa v. State, 225 S. W. Rep., 169.

LATTIMORE, JUDGE.—Appellant was convicted of having in his possession equipment for manufacturing spirituous, vinous and intoxicating liquor capable of producing intoxication and his punishment fixed at one year in the penitentiary.

Appellant's motion to quash the indictment for various reasons was overruled. Appellant was indicted for a violation of what is known as the Dean law, same being Act, Second Called Session, Thirty-sixth Legislature, page 228. By Section One of said Act it is made illegal for any person to possess within this State any equipment for making spirituous, vinous or malt liquor capable of producing intoxication, except for medicinal, scientific or sacramental purposes. From subsequent sections of said Act it further appears that equipment for the manufacture of alcohol for non-beverage purposes, and wine for sacramental purposes may be possessed by one who has a permit therefor, the requisites and conditions of which are set out with much particularity.

We do not think said section is unconstitutional nor in contravention of the Volstead Act. Its prohibition is against the possession of equipment for making liquor capable of producing intoxication, without regard to the question of alcoholic content.

Nor was it necessary for the indictment to negative matters of special defense such as might arise from the possession of such equipment under a statutory permit to have same.

Nor do we think the indictment vague, indefinite or uncertain. Same contained a description of the various articles claimed to constitute such equipment and the matter then became one of proof that such articles so described in the indictment were possessed by appellant for the purpose named.

Nor do we think said indictment erred for failure to allege that appellant acquired said equipment subsequent to the passage of said act. It would be immaterial when he acquired same if at the time charged, he had same in his possession for purposes in violation of the law. It follows that the motion to quash said indictment was properly overruled. Upon trial it was shown that on the occasion charged appellant had a barrel containing what witnesses took to be corn chops in a soured condition; a five gallon can containing a mixture, a faucet, a

funnel, a gasoline stove, a copper coil, rubber tubes, a quart jar of whisky which was tested and the contents testified to. It also appears that while the witnesses were examining these articles appellant came in with a metal bucket which being opened smelled of whisky. A witness who in times past had made whisky testified that with said equipment whisky could be manufactured. Appellant testified that he was neither a minister, preacher, doctor, professor, teacher, scientist, or manufacturer, etc. This is a substantial statement of the evidence and at the close of its introduction appellant asked an instructed verdict of not guilty. We think this request was correctly refused, and that evidence of the fact that in appellant's possession was found the mash, the container, the coil, the tubes, the finished product, etc. is sufficient to sustain the jury's conclusion that he had the same for the purpose of manufacturing whisky, and the undisputed testimony of his not being in any profession whose duties it would seem might call for possession of such equipment in connection therewith would support the jury's findings that he did not have said equipment in his possession for any of the excepted purposes. The trial court told the jury that if they believed from the evidence beyond a reasonable doubt that appellant had in his possession said equipment and that same was not for medicinal, mechanical, scientific or sacramental purposes that they might find him guilty, and we think the facts authorized their finding.

This disposes of the contentions made by appellant, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*