## WILEY PAGE v. THE STATE.

No. 9428.    Delivered Nov. 4, 1925.

Rehearing denied April 7, 1926.

**1.—Sale of Intoxicating Liquor—Argument of Counsel—Held, Not Improper.**

On the trial for the sale of intoxicating liquor, the state's counsel stated that thousands of homes had been ruined by the unlawful sale of intoxicat-ing liquor. Such statement was but a general opinion of state's attorney, and can not be regarded as a statement of an extraneous fact by him. Nor was it error for him to refer to appellant as "That boot-legging defendant." The evidence clearly established that appellant had been selling liquor, in violation of law, and that is what we understand to be a bootlegger.

ON REHEARING.

**2.—Same—Argument of Counsel—Bill of Exception—Incomplete—No Error Shown.**

Where an objection reserved to the argument of counsel is merely a certificate of the trial judge that the argument was made, it is wholly insufficient. The bill must show that he did object to the argument, the reasons for such objections, and it should appear from the bill itself that such reasons were made known to the trial court, and that after having the matter thus presented he permitted the action complained of as erroneous.

Appeal from the District Court of Garza County. Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Young & Stinchcomb,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From a conviction in the District Court of Garza County of selling intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

Appellant was indicted at the October term, 1924, of the District Court of Garza County, but was not tried until the March term of 1925. The latter fact is overlooked by the State's Attorney in his contention that the bills of exception and statement of facts were filed too late.

The statement of facts amply shows a sale by appellant of the intoxicating liquor in question at or about the time mentioned in the indictment.

Appellant's bill of exceptions No. 1 complains of the argument of the District Attorney stating that thousands of homes had been ruined by the unlawful sale of intoxicating liquor. Manifestly this was but a general opinion of the State's Attorney, and not an attempt at an extraneous statement of a fact by him. Reference in argument of State's Attorney to the accused as "That boot-legging defendant," would not seem to present any error. The State's case clearly showed appellant to be selling whiskey 'in violation of the law, and this is what we understand to be a bootlegger. The only other bill of exceptions is to a statement by the district attorney as to the character of conduct that could be indulged in by the appellant if he was granted a suspended sentence. We find nothing objectionable in the statements·made.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant makes a persuasive motion based largely on supposed harmful utterances by the district attorney in his argument. We have again reviewed the bills

of exception presenting this complaint. Bill of exceptions No. 3 is as follows:

"Be it remembered that during the trial of the above entitled and numbered cause the district attorney, Park Dalton, made the following statement to the jury:

" 'Gentlemen, if you grant the defendant suspended sentence he can commit petty larceny, he can be a vagrant the rest of his life and commit any other misdemeanor, and he cannot be touched. He can also go into New Mexico or any other State and commit a felony and no one will know of his suspended sentence here.' Clark M. Mullican, District Judge."

It will be noted that this entire bill simply amounts to a certificate of the district judge that the State's Attorney made a certain statement to the jury. Whether it was then objected to or an exception taken at that time, or a request that the jury be instructed not to consider the statement are matters about which this record is entirely silent. One who desires to bring before this court for review objectionable argument or other matters which he deems erroneous, should in some appropriate way make known to us the thing thus objected to, stating in the bill of exceptions that he did object to it and the reasons for such objection, and it should appear from the bill itself that such reasons were made known to the trial court, and that after having the matter thus fully presented he permitted the action complained of as erroneous. It is a matter of regret to this court when matters are not properly presented to it, which are deemed objectionable by the accused.

The other complaint of the argument is that appearing in bill of exceptions No. 1, which is discussed in our former opinion, and we now see no reason for concluding that it was not properly disposed of. The jury gave to appellant the lowest penalty, and the facts leaving no doubt as to his guilt, we are unable to bring ourselves to believe that any of the matters complained of should cause a reversal.

The motion for rehearing will be overruled.

*Overruled.*