### R. R. PRICE V. THE STATE.

No. 19084.   Delivered June 16, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*Brownlee & Brownlee,* of Madisonville, and *M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully possessing, for the purpose of sale, intoxicating liquor in dry area, and his punishment was assessed at a fine of $250.00.

Appellant's first contention is that the complaint and information based thereon are insufficient to charge an offense against the laws of this State, in this, that it is not averred in the complaint and information that the election therein referred to resulted in favor of prohibiting the sale of intoxicating liquor in Madison County. Looking to the complaint and information we find that it is charged therein that the commissioners' court did pass an order declaring the result of said election and prohibiting the sale of intoxicating liquor in said county. We think that this is sufficient to show that the election resulted in favor of prohibiting the sale of intoxicating liquor because the presumption prevails that the acts of public officials relating to official duties are performed in accordance with and not contrary to the law. We therefore overrule his contention.

Appellant next contends that the court erred in overruling his motion for a new trial. The matters therein urged, together with the certificate of Judge Davis and the affidavit of appellant's attorney, were duly considered by the court. Ordi-

narily the granting or refusing of a motion for a new trial rests within the sound discretion of the trial court and unless it is made to appear that the court abused his discretion, this court would not be authorized to disturb his conclusion. We have carefully gone over the record, but find nothing therein which shows an abuse of discretion on the part of the trial court. It is not made to appear that appellant had any defense, but on the contrary it appears that he testified at the trial and admitted that the sheriff found thirteen pints of whisky in his possession.

Having reached the conclusion that no reversible error is shown, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Local option was adopted in Madison County in 1904, which made the sale of intoxicating liquor in said county unlawful.

By a vote of the entire state on August 24, 1935, Art. 16, Sec. 20 of the Constitution was amended in such way as recognized the former local option status in said county, in the following language:

"In all counties * * * wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas, and in force at the time of the taking effect of Section 20, Article 16 of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange, in any such county * * * any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicants whatsoever for beverage purposes, * * *"

Appellant now makes the contention in his motion for rehearing that because the Constitutional amendment only makes the *manufacture, sale, barter and exchange* of intoxicating liquor unlawful in said former local option counties—the "possession for sale" not being mentioned—that the Act of the Legislature in making it an offense to possess intoxicating liquor for the purpose of sale was not authorized. As we understand it such was the precise question presented in Reeves v. State, 88 Texas Crim. Rep., 444, 227 S. W., 668. In

the opinion in said case we disposed of the contention by saying:

"Amended section 20, supra, prohibits in terms the manufacture, sale, barter, and exchange of intoxicants in this state except for certain purposes, and authorizes the Legislature to enact laws to enforce said section. No argument is needed to make it clear that a law forbidding the transporting, receiving, or possessing of intoxicating liquor would be in aid and in furtherance of, and make more effective the prohibition of, the illegal sale and manufacture of such liquor; likewise, that a law forbidding the sale of beverages containing any alcoholic content would have the same tendency. With transportation, possession, and delivery made illegal, the manufacture and sale illegally of such liquors would be hindered and made more difficult."

See, also, Banks v. State, 88 Texas Crim. Rep., 380, 227 S. W., 670.

Appellant's motion for rehearing is overruled.

*Overruled.*