C. S. CROPPER v. THE STATE.

No. 19208. Delivered December 22, 1937.

The opinion states the case.

*Ben Beach,* of Hamilton, and *Tom L. Robinson,* of Gatesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of unlawfully possessing intoxicating liquor in dry area for the purpose of sale, and his punishment was assessed at a fine of $250.

His first contention is that the court erred in declining to sustain his motion to quash the complaint and information on

the ground of variance between the allegation and the order of the Commissioner's Court, in this: That it is charged in the complaint and information that appellant possessed intoxicating liquor for the purpose of sale, while the order of the Commissioner's Court only prohibited the sale of intoxicating liquor in Hamilton County.

The complaint and information charges, in substance, that on the 3rd day of October, 1911, an election was held under and by virtue of an order made and entered by the Commissioner's Court of said county to determine whether or not the sale of intoxicating liquor should be prohibited in the county aforesaid; that the Commissioners' Court canvassed the returns of said election, declared the result thereof, and published a proclamation by the county judge in the manner and for the length of time required by law, prohibiting the sale of intoxicating liquor in the County of Hamilton, etc. That on the 27th day of April, 1937, C. S. Cropper did then and there unlawfully possess for the purpose of sale, intoxicating liquor, to-wit: Whisky, etc. This identical question was before this court in the case of Price v. State, 109 S. W. (2d) 198. This court, speaking through Judge Hawkins, said:

"By a vote of the entire State on August 24, 1935, Article 16, Sec. 20, of the Constitution, was amended in such way as recognized the former local option status in said county, in the following language: 'In all counties * * * wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county * * * any spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication or any other intoxicants whatsoever, for beverage purposes.' "

The contention that only the *sale* and not the *possession for sale* of intoxicating liquor in Hamilton County was prohibited by the election and the order of the Commissioners' Court is without merit. The question was decided adversely to appellant's contention in the case of Price v. State, supra. See, also, Reeves v. State, 227 S. W., 668.

By bills of exceptions numbers two, three, and four, appellant complains of the action of the court in permitting the county attorney to offer in evidence the affidavit for, and the search warrant by virtue of which, appellant's home was searched. His objection to the introduction of the same was

that it failed to state the time or place where intoxicating liquors were sold or manufactured, which rendered the affidavit wholly inadmissible to show probable cause.

Looking to the affidavit which is incorporated in the bills, we find that it contains the following averment, to-wit:

"That upon a certain premises in the aforesaid county and more particularly block number eight of the Smith & Williams Addition to the town of Hamilton, Texas, on the 22d. day of April, A. D., 1937, C. S. Cropper, who is now in possession of said premises, did then and there, and is now using such premises as a place at which to manufacture and possess for the purpose of sale, spirituous, vinous and malt liquors, capable of producing intoxication; that such liquors are now possessed and kept on said premises for the purpose of sale, etc.; that such facts are within the personal knowledge of affiants and are true and correct; that affiants obtained their knowledge of the same as follows: That many people go to said place sober and come away with liquor and in a state of intoxication.

We think that this is sufficient to state the time and place when and where such liquors are kept for sale or are being manufactured. It will be observed that there is a direct and positive averment in the affidavit that spirituous liquors are now being manufactured and possessed for the purpose of sale on said premises. The word "now" has reference to the time of the making of the affidavit and must be construed as meaning the 22nd day of April, 1937, the date on which the affidavit was made. See Penny v. State, 24 S. W. (2d) 1089; Antner v. State, 25 S. W. (2d) 860; Nations v. State, 21 S. W. (2d) 1061. If appellant had objected to the introduction in evidence of the affidavit and search warrant before the jury on the ground that it was hearsay, the objection should have been sustained. See White v. State, 45 S. W. (2d) 225, and authorities correlated.

What we have said here applies with equal force to bills of exceptions number five, six and seven.

Bills of exceptions numbers eight, nine, ten and twelve have been considered by us and are overruled.

By bill of exception number eleven, complaint is made of the county attorney's reference in argument to the failure of appellant to testify. The bill shows that while the county attorney was making his argument to the jury, he said: "I show you the evidence—this whisky; the court charges you that it is prima facie evidence of his guilt when not rebutted, and there is no evidence in the record rebutting and showing

that the defendant did not possess this whisky." The bill shows that the defendant did not take the witness stand and offered no testimony in his own behalf; nor was there any testimony from any other source except the testimony of the officers who made the search and discovered the liquor that appellant possessed for sale.

It occurs to us that this was a reference to the appellant's failure to testify. Article 710, C. C. P., provides that "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause," etc.

We think that the argument complained of is in violation of the Article above quoted and requires a reversal of this case. In support of the view herein expressed, we refer to the case of Heeter v. State, 103 Texas Crim. Rep., 399 (on motion for rehearing). It can not be presumed that any other person knew the purpose for which he possessed the liquor; such matter rested peculiarly within his own knowledge. The possession of more than one quart of intoxicating liquor was merely prima facie evidence of the possession of the liquor for the purpose of sale.

For the error herein discussed, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.