**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Talmage Alonzo AGY, Defendant-
Appellant.**

**No. 17036.**

United States Court of Appeals
Sixth Circuit.

March 16, 1967.

Dale Quillen, Nashville, Tenn., for appellant.

Alfred H. Knight, III, Asst. U. S. Atty., Nashville, Tenn., for appellee, Gilbert S. Merritt, Jr., U. S. Atty., Nashville, Tenn., on brief.

Before PECK and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from a conviction by the district court, sitting without a jury, on all four counts of an indictment charging appellant with (1) possession of distilled spirits in non-tax-stamped containers, in violation of 26 U.S.C. §§ 5205(a) (2), 5604(a) (1); (2) possession of an International truck intended for use in transporting distilled spirits in non-tax-stamped containers, in violation of 26 U.S.C. § 5686(a); (3) possession of unspecified property, identified at trial as jugs and cartons, intended for use in violating the alcohol tax laws, in violation of 26 U.S.C. § 5686(a), and (4) possession of a Chevrolet truck intended for use in transporting distilled spirits in non-tax-stamped containers, in violation of 26 U.S.C. § 5686(a).

The district court found that alcohol and tobacco tax investigators had been given general information by previously-reliable informers to the effect that appellant was engaged in the illicit liquor business. While conducting an investigation near appellant's home, these officers detected the odor of fermented mash and observed a number of mash-encrusted metal drums and buckets, as well as the two vehicles described in the indictment. Encountering appellant, and not suggesting that he had any right to remain silent, the officers inquired as to the contents of the International truck. Appellant replied that the truck contained whiskey, and a search corroborated this admission. Appellant was placed under arrest, informed of his rights, and was asked about the contents of the Chevrolet truck. He replied that the truck contained jugs and cartons, and the ensuing search confirmed this fact.

Following the hearing on a motion to suppress, the court ruled that the statements made by appellant before being told that he could remain silent were inadmissable. The court found, however, that probable cause existed for the search of the trucks even without considering the excluded statements.

Appellant contends that the court erred in two respects: (1) by permitting the agents to testify concerning the contents of the trucks, because without the excluded statements there was no probable cause for the search, and (2) by finding appellant guilty on all four counts, because appellant was thereby subjected to multiple penalties for the same offense.

■■ With regard to the first contention, it is unnecessary to determine whether probable cause for searching the trucks existed in the absence of appellant's admissions. These admissions need not have been excluded by the district court because the doctrine of Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) applies only to in-custody interrogation, and we may consider on appeal evidence in the record which was improperly excluded. F. H. McGraw & Co. v. Milcon Steel Co., 149 F.2d 301 (2d Cir. 1945), cert. denied, 326 U.S. 753, 66 S.Ct. 92, 90 L.Ed. 452. Taking appellant's statement into account, it is clear that probable cause for the search existed, and it was not error to admit the testimony of the agents concerning the contents of the trucks.

■■■ We find no merit in appellant's second contention. The test in determining if the same transaction constitutes a number of separate offenses is whether each offense requires proof of a fact which the others do not. Newman v. United States, 212 F.2d 450 (6th Cir. 1954); United States v. Charlton, United States v. Edwards, 372 F.2d 663 (6th Cir., 1967). Each count of the instant indictment requires proof of possession of different property than is involved in the other counts.

The judgment of the district court is affirmed.