Robert Earl SUTTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 40544.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 1, 1967.

Frank S. Wright, Henry J. Novak, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert Stinson, John Stauffer and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty, Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of marihuana, a narcotic drug; and the punishment was assessed at twenty-five years.

The appellant urges as a ground of error that he was denied the protection of the Fifth and Fourteenth Amendments to the Constitution of the United States when the trial court admitted, over objection, his admission that he lived in the apartment where the marihuana was found.

Officers Gardner and Newton were stationed at the rear of the apartment in Snider Plaza during the execution of the search warrant for the apartment by other officers. During this time the appellant arrived at the rear of the apartment in an automobile. Officer Gardner testified in part as follows:

"Q Officer, as the Defendant drove up there, did you ask him his name?

"A Yes, sir.

"Q Did he tell you?

"A Yes, sir.

"Q And did you ask him where he lived?

"A Yes, sir.

"Q And what did he do or say then at that time?

"A He pointed up to the apartment up the back stairs there to the apartment.

"Appellant's Counsel: To which I object, Your Honor.

"The Court: Overruled.

"Appellant's Counsel: Improper res gestae, and move for a mistrial based on this as based—

"The Court:—Overrule your motion for a mistrial.

"Appellant's Counsel: Note our exception.

"Q This is the only apartment around that area?

"A Yes, sir.

"Q Did he point to that apartment?

"A Yes, sir."

The testimony shows that there was only one apartment in the area of Snider Plaza on February 6, 1966. The offense here charged was alleged to have been committed on or about that date. The appellant called his wife as a witness and she testified in part as follows:

"Q I'll ask you if in January of 1966, this year, if you were living (with appellant) together or separated at that time?

"A We were separated.

"Q Did you have occasion to see him during the months of January and early February, 1966?

"A Yes, I did.

"Q I'll ask you to state the facts with reference to where he was living at that time?

"A He was living at Snider Plaza."

Also, a key found in appellant's pocket fit the rear door of the apartment.

No constitutional violations of the custodial or interrogational rights of the appellant were shown by the questions asked him and his answers thereto immediately upon his arrival at the apartment. The contention reveals no error.

Further, in view of the wife's testimony that the appellant was living at Snider Plaza during January and early February, 1966, no error is presented.

■ As ground for reversal, it is contended that the trial court erred in misstating the law in its definition of "possession" in the main charge to the jury.

The record reveals that the appellant submitted and requested the court to give a certain definition of "possession" in its charge. The definition requested was in the court's main charge. Hence, the appellant is in no position to complain. No error is shown.

■ As another ground for reversal, the appellant contends that the trial court erred in giving to the jury an incomplete answer in response to their inquiry for further instructions pertaining to the definition of "possession."

In the absence of any showing that the appellant made and presented to the trial court any objections to the additional instructions, this contention cannot be reviewed.

■ Error is urged on the ground that the trial court failed to grant a mistrial when the district attorney argued to the jury that appellant was selling narcotics to students at S.M.U., there being no evidence to support such argument, and it was tantamount to unsworn testimony.

The argument complained of was made before the jury during the trial on the issue of punishment.

The complaint relates to argument which occurred as follows:

"State's Counsel: * * * Think about the people, the young people that were coming and going up there while this officer had this man under surveillance up there. The young people right there at S.M.U. Think about those people there.

"From all of the things in this evidence here, all of the things that you heard, it's a reasonable deduction from the evidence that this man here is in the traffic of narcotics.

"Appellant's Counsel: I object to that as being a direct misstatement under the guise of saying that it's a reasonable deduction from the evidence.

"The Court: Very well, I'll sustain it.

"Appellant's Counsel: We move for a mistrial because of this prejudicial and inflammatory and incorrect statement.

"The Court: Overrule your Motion for Mistrial.

"Appellant's Counsel: Note my exception.

"State's Counsel: We now come down to he would say that it is a job of the District Attorney's, such as John Stauffer and I, to make recommendations, and in these kind of cases, says he deserves probation. I don't know where he'll go out here, after—if he is turned loose, I don't know whether he'll go back to S.M.U. or to some other campus with his big store of narcotics.

"Appellant's Counsel: Judge, I object to that; there is no testimony whatsoever about the S.M.U. campus, him ever setting foot on there.

"The Court: I sustain it.

"Appellant's Counsel: Because of this argument, we move for a mistrial.

"The Court: Overruled.

"Appellant's Counsel: Note my exception."

The testimony shows that the apartment in which the marihuana was found and where the appellant was arrested was in Snider Plaza which is located "right off" the campus close to S.M.U. in Dallas. On Friday night, February 4, four or five persons were seen "coming and going" from said apartment, each staying from twenty minutes to an hour and one-half, and the next evening between eight and ten persons, men and women, were seen coming and going to said apartment. The appellant was seen at the apartment on Friday night, and also, on Saturday afternoon and night. The appellant's wife testified that a "lot of people," both young and old "came and went" and that "they were having drinks" there.

The testimony supports that portion of the argument which told the jury that young people were coming and going to the apartment which was close to the campus of S.M.U. Further, that more than one-fourth pound of marihuana which would make more than. 200 cigarettes and some partially smoked cigarettes were found in the apartment. Also, the court sustained both of the objections to the argument.

It is concluded that the argument does not present reversible error. Torres v. State, 161 Tex.Cr.R. 480, 278 S.W.2d 853; Hernandez v. State, 167 Tex.Cr.R. 487, 320 S.W.2d 829.

The state's argument is again urged as a ground for reversal. It was as follows:

"Now, what Mr. Wright (appellant's counsel) is going to want you to believe is that McBee owned all of this narcotics down here, and he said we don't have him down here. Well, we don't have him down here, and I'll tell you why. This McBee is a friend of this man here, and we're among, perhaps—

"Appellant's Counsel:—Judge, this testimony is completely out of line, is in no

form of rebuttal, doesn't answer anything. It's pure rank testimony on the part of the prosecutor."

It is noted that no objection was made to such argument, in that counsel only pointed out certain features of the argument. However, appellant introduced testimony that McBee owned the apartment and all the furniture in it; that he (appellant) kept some of his clothes there and stayed there occasionally. McBee came to the apartment while the search was in progress. No error is shown.

The appellant contends that the affidavit for the issuance of the search warrant for the apartment is invalid on the ground that it does not state the time the acts relied upon to constitute probable cause took place and renders the search unreasonable under the Texas and United States Constitutions.

■ The appellant does not question the fact that the averments in the affidavit are sufficient to constitute probable cause. He asserts that, despite the sufficiency of probable cause, the failure to state the time such probable cause occurred vitiates the search warrant; and he further states that the only reference to the time of the occurrence of probable cause observed by the informant was that it occurred "recently."

The affidavit for the search warrant was executed February 6, 1966, the search warrant was issued the same day, and the search warrant was also executed that date. The affidavit was made before the same magistrate who issued the search warrant.

Those portions of the affidavit for the search warrant pertaining to time are:

Affiants "do solemnly swear that heretofore, on or about the 6th day of February, A.D., 1966, * * * (appellant) *did then and there* unlawfully *possess* a narcotic drug, to-wit: *Marihuana,* * * *that said narcotic drugs are now concealed by (appellant).* * * * I have

been informed of the existence of the foregoing set out facts by reliable, credible and trustworthy citizen of Dallas, Dallas County, Texas, Recently (x) and further (x). The affiants have recently received information from a confidential informant that Robert Earl Sutton (appellant) and L. K. Miller are living at 6914 Snider Plaza and that they have a large quantity of marihuana in their possession at this location. The informant has been to these living quarters and has seen the marihuana recently. The affiants have had these living quarters under surveillance and have observed known users of marihuana going to and from the location. The informant has given the affiants information in the past on numerous occasions and the information has always been true and correct. * * * The affiants have received information prior to this time about Sutton and Miller being involved in the illicit narcotic traffic. * * *."

The word "now" ordinarily means at this time, or at the present time. It relates to actual existence of the fact at the time and place mentioned. 28A Words and Phrases, p. 626.

In considering a contention that the affidavit for a search warrant failed to state the time of the occurrence of the acts relied on, this court in discussing the use of the word "now" in the affidavit in Cropper v. State, 133 Tex.Cr.R. 391, 111 S.W.2d 709, said:

"The word 'now' has reference to the time of the making of the affidavit and must be construed as meaning the 22d day of April, 1937, the date on which the affidavit was made."

The word "recently" as used with the other references to time in stating the facts as shown in the affidavit including the statement "did then and there unlawfully possess a narcotic drug, to-wit: Mari-

huana" and also the statement "that said narcotic drugs are *now* concealed by Robert Earl Sutton" (appellant) in the apartment were sufficiently definite and current to warrant the conclusion that the act or event relied upon as a basis for probable cause occurred within a reasonable time before the making of the affidavit, and authorized the magistrate to issue the search warrant. Hartless v. State, 121 Tex.Cr.R. 181, 50 S.W.2d 1097; 100 A.L.R.2d 531.

The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION
## FOR REHEARING

MORRISON, Judge.

Appellant again urges that his conviction should be reversed because of the admission into evidence of the unwarned response to the question, "Where do you live", which was propounded to him by the officer who had first asked his name and later arrested him. He contends that because the officer was permitted to say that appellant pointed toward the apartment in question, it then became necessary to put appellant's wife on the stand in order to develop a defense he would not otherwise have had to present. Without conceding that such was the case, we will consider the initial admissibility of his response to the officer. We do this realizing that we are writing in a new area since the rendition of Miranda v. State of Arizona, 384 U.S. 436, 84 S.Ct. 1602, 16 L.Ed.2d 694.

We have, however, been able to find two post Miranda cases which support our original affirmance of this conviction. In United States v. Agy, 374 F.2d 94, the Court of Appeals for the Sixth Circuit on March 16, 1967, held that where investigators, armed with probable cause to arrest and search, approached the accused and without warning asked him what he had in his truck, they were properly per-

mitted to say that he told them his truck contained whiskey.

The Supreme Court of Montana on September 28, 1967, in Berger v. District Court, 423 P.2d 93, held that the trial court erred in excluding the testimony of the Sheriff, who went to the hospital and questioned one Clara Thomas, who was not in police custody and upon whom the inquiry had not achieved a "focus".

We conclude that we properly disposed of appellant's other contentions on original submission and will write no further.

Appellant's motion for rehearing is overruled.