STATE of South Dakota, Plaintiff and Appellee,

v.

Berl Duane OLESEN, Defendant and Appellant.

No. 13805.

Supreme Court of South Dakota.

Considered on Briefs Jan. 19, 1983.

Decided March 9, 1983.

Mark V. Meierhenry, Atty. Gen., Pierre, for plaintiff and appellee; Judith A. Atkinson, Asst. Atty. Gen., Pierre, on brief.

Albert Steven Fox of Larson, Sundall, Larson & Schaub, Chamberlain, for defendant and appellant.

WOLLMAN, Justice.

Defendant appeals from his conviction on a charge of third offense driving while intoxicated. SDCL 32–23–4. We affirm.

Defendant pleaded guilty on April 9, 1982, to a charge of driving while intoxicated. He requested a court trial on the second part of the information, which alleged that this was his third violation with-

in a four year period. SDCL 32–23–4, 32–23–4.1. At the trial on this issue, the State introduced evidence of two prior DWI convictions, one of which occurred in April of 1979, and the other in January of 1981. The State then rested, whereupon defendant moved to dismiss the information on the ground that the State had failed to offer evidence of a third DWI conviction. In response to the motion, the trial court asked whether the State wished to reopen. Over defendant's objection, the trial court permitted the State to reopen its case in chief, whereupon the State moved that the court take judicial notice of the fact that it had taken defendant's guilty plea on April 9, 1982, to the charge of driving while intoxicated that gave rise to the filing of the second part of the information alleging the third offense violation. The trial court thereupon took judicial notice of the records in the criminal file regarding the proceedings that had culminated in defendant's guilty plea on April 9, 1982, overruled defendant's objection, and at the conclusion of the evidence found that defendant was guilty of having committed for the third time the offense of driving while intoxicated.

Defendant contends that the trial court acted improperly by inquiring of the State whether it wished to reopen its case in chief when presented with defendant's motion to dismiss part two of the information. We do not agree. As we point out below, trial courts may take judicial notice of their own records or prior proceedings in the same case. SDCL 19–10–3 provides that "[a] court may take judicial notice, whether requested or not." Accordingly, the trial judge in the instant case could take judicial notice of a conviction in his court earlier in the month with or without a motion by the State that he do so.

Likewise, we reject defendant's argument that the trial court erred in taking judicial notice of defendant's most recent DWI conviction. SDCL 19–10–2 provides that:

A judicially noticed fact must be one not subject to reasonable dispute in that it is either

(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

We conclude that the trial court acted well within its prerogative in taking judicial notice of the fact that the defendant was the same person who had appeared before the court and pleaded guilty to driving while intoxicated on April 9, 1982. Just as this court can take judicial notice of its own records, *State v. Evans,* 12 S.D. 473, 81 N.W. 893 (1900), so also may the trial court take judicial notice of its own records and proceedings. As stated by Professor McCormick, "It is settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation, both as to matters occurring in the immediate trial, and in previous trials or hearings." McCormick on Evidence, § 330 (2nd Ed. 1972) (footnotes omitted). Likewise, we recently held that:

Judicial notice may be taken of facts once judicially known. 31 C.J.S. Evidence § 10 (1964); *Carmack v. Fidelity-Bankers Trust Co.,* 180 Tenn. 571, 177 S.W.2d 351 (1944); *American Nat. Bank v. Bradford,* 28 Tenn.App. 239, 188 S.W.2d 971 (1945). A court may generally take judicial notice of its own records or prior proceedings in the same case and may take judicial notice of an original record in proceedings which are engrafted thereon or ancillary or supplementary thereto. 31 C.J.S. Evidence § 50(2) (1964).

*State v. Cody,* 322 N.W.2d 11, 12 n. 2 (S.D. 1982). Even more recently we pointed out that the records in a criminal case are as fully before the court through judicial notice as they would be if introduced in evidence. *Gregory v. State,* 325 N.W.2d 297 (S.D.1982).

■ Defendant next contends that a DWI violation that has once been used to enhance a defendant's sentence may not be used again for the same purpose. He argues that at the time he pleaded guilty to the 1981 offense he believed that that conviction could not again be used to enhance his punishment at a later date. Defendant cites *Cothren v. State,* 139 Tex.Cr.R. 425, 141 S.W.2d 600 (Tex.1940), for the proposition that the successful use of a prior conviction cannot be used at a later date to once again enhance punishment. *See also Haines v. State,* 623 S.W.2d 367 (Tex.1981); *Hernandez v. State,* 167 Tex.Cr.R. 487, 320 S.W.2d 829 (1959). Not only are we not disposed to follow what apparently is a singular view on the multiple use of prior convictions, we note that Texas law now specifically provides that "[t]he use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes." Tex. Penal Code Ann., § 12.46 (Vernon). Accordingly, we are not persuaded that we should restrict the use of prior convictions of driving while intoxicated for enhancement purposes.

■ Finally, defendant contends that if prior DWI convictions may be used more than once to enhance punishment for subsequent DWI offenses, a defendant should be informed of this fact at the time he is arraigned on a DWI charge. Granted that a guilty plea should be accepted only after a defendant has freely and intelligently waived his constitutional rights, *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), we are not convinced that *Boykin* requires the advice that defendant now claims he was entitled to. Rather, we agree with the Supreme Court of Iowa that a defendant need not be advised of any enhanced punishment that may result from the conviction should the defendant subsequently be convicted of a crime. *State v. Kramer,* 235 N.W.2d 114 (Iowa 1975); *State v. Watts,* 186 N.W.2d 611 (Iowa 1971).

The judgment of conviction is affirmed.

All the Justices concur.