2002 SD 157

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jose F. ARGUELLO, Defendant and Appellant.**

No. 22337.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 2002.

Decided Dec. 18, 2002.

Mark Barnett, Attorney General, Frank Geaghan, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Bryan T. Andersen, Office of Public Defender, Rapid City, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Jose Arguello appeals a habitual offender conviction following his guilty plea to driving under the influence (DUI) contending his prior convictions are void for sentence enhancement purposes and application of the prior convictions to enhance the penalty violates the constitutional prohibition against ex post facto laws.

FACTS AND PROCEDURE

[¶ 2.] The facts of this case are undisputed. Arguello pled guilty to driving or controlling a vehicle while having .10 percent or more of alcohol in his blood on August 16, 2001. However, Arguello pled not guilty to the part II information which alleged that this was his third offense DUI. Following a court trial, Arguello was found guilty of the part II information and sentenced for a third offense DUI.

[¶ 3.] Arguello does not dispute that he was previously convicted for DUI on April 26, 1993 and January 9, 1995. At the time of those convictions, SDCL 32–23–4.1 provided for sentence enhancement if prior DUI convictions occurred within the previous five years. SDCL 32–23–4.1 was subsequently amended on July 1, 2001 to extend the timeframe for enhancement purposes to the previous ten years. SDCL 32–23–4.1 (2002). Arguello concedes that he was advised of his *Boykin* rights prior to his entering guilty pleas for the two prior DUI offenses, as mandated by the decisions of the United States Supreme Court and the precedent of this Court. Despite this concession, Arguello claims that because he was not informed that those convictions could subsequently be used to enhance his sentence they are void for enhancement purposes. Additionally, Arguello claims that the trial court's application of amended SDCL 32–23–4.1 is void as an unconstitutional ex post facto application of that law.

ANALYSIS AND DECISION

ISSUE ONE

[¶ 4.] **Whether the two previous convictions are valid for enhancement purposes.**

[¶ 5.] Arguello claims that the use of the two prior DUI convictions for enhancement purposes violates his right to due process and to know the nature and cause of the accusations against him. As previously mentioned, Arguello concedes he was properly advised of his *Boykin* rights prior to the guilty pleas which represent the previous convictions. Therefore, Arguello does not attempt to collaterally attack those convictions but, instead, asserts they should be ignored for enhancement purposes because he was not advised when he entered the prior guilty

pleas that the conviction(s) could subsequently be used to enhance a sentence for a future conviction. This argument is without merit.

[¶ 6.] In a different context, this Court has held that "we follow those decisions which have held that it is not necessary for a court to inform a defendant of the collateral consequences of a guilty plea, such as eligibility for parole, in order for a plea to be intelligently and voluntarily entered." *Gregory v. State*, 353 N.W.2d 777, 781 (S.D.1984). Additionally, in *State v. Olesen*, 331 N.W.2d 75, 77 (S.D.1983), the Court determined that "a defendant need not be advised of any enhanced punishment that may result from the conviction should the defendant subsequently be convicted of a crime." The United States Supreme Court has also recognized "[t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering his decision." *Brady v. United States*, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747, 761 (1970).

[¶ 7.] In rejecting a defendant's contention that a single conviction could not be used more than once for enhancement purposes unless defendant was so informed by the trial court, this Court stated:

> We are not convinced that *Boykin* requires the advice that defendant now claims he was entitled to. Rather, we agree with the Supreme Court of Iowa that a defendant need not be advised of any enhanced punishment that may result from the conviction should the defendant subsequently be convicted of a crime.

*Olesen*, 331 N.W.2d at 77. In addressing a similar issue another court has recognized

that "the trial judge who accepted the plea was not required to advise defendant of his continuing duty to act as a law-abiding citizen." *People v. Heinz*, 197 Colo. 102, 589 P.2d 931, 934 (1979). "The judge who accepts a plea of guilty is required to inform the defendant only of those consequences which have a definite, immediate and largely automatic effect on the range of a defendant's punishment." *Id.* at 933.

[¶ 8.] When a defendant is not properly informed of the consequences of his plea of guilty and the resulting waiver of his constitutional rights, that plea cannot be used to enhance or support guilt. *See State v. King*, 383 N.W.2d 854, 857 (S.D.1986). Significantly, Arguello does not allege that he was not informed of his rights as they are mandated by the previous decisions of this Court. *See Application of Garritsen*, 376 N.W.2d 575, 577 (S.D.1985) (requiring the record to demonstrate that defendant waived his right to cross-examine the witnesses against him, proceed to trial by jury, and waive the privilege against self-incrimination).

[¶ 9.] A "defendant is not entitled, as a constitutional right, . . . to information regarding the future use of his conviction for purposes of enhancement." *Presley v. State*, 498 So.2d 832, 833 (Miss.1986). *See also People v. Crosby*, 3 Cal.App.4th 1352, 5 Cal.Rptr.2d 159, 160 (1992) (holding that an enhanced sentence is not part of the pending case or a direct consequence of the defendant's underlying conviction entitling defendant to set aside a guilty plea). As such, there is no support for defendant's assertions that failing to advise him of a sentence enhancement possibility when the pleas were entered would render them void for enhancement purposes.*

---

* Arguello cites no authority indicating that any other jurisdiction requires a defendant to be informed of the possibility of an enhanced sentence for a future conviction as a result of a guilty plea in order to utilize the conviction for enhancement purposes.

The record unequivocally establishes that Arguello received two previous convictions for sentence enhancement purposes as determined by the trial court.

### ISSUE TWO

**[¶ 10.] Whether use of the two prior convictions to enhance the penalty violates the ex post facto clause of the state and federal constitution.**

[¶ 11.] Arguello contends that because at the time of his prior convictions the penalty enhancement statute only reached back five years application of amended SDCL 32–23–4.1, reaching back ten years at the time of his most recent conviction, unconstitutionally enhances the punishment for the prior crimes retroactively.

[¶ 12.] Article I, Section 10 of the United States Constitution and Article VI, Section 12 of the South Dakota Constitution prohibit the adoption of ex post facto laws. In a case closely analogous to this, the Court in *State v. Nilson*, 364 N.W.2d 532 (S.D.1985), rejected defendant's contention that application of the habitual offender statute violated the ex post facto prohibitions when the statute was amended to allow prior convictions to be used for a period of five years, rather than four. In determining the trial court appropriately relied upon the amended version of SDCL 32–2–4.1 to find defendant Nilson guilty of third offense DUI, the Court stated:

> The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Id.* at 533 (quoting *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683, 1687 (1948)). Therefore, Nilson's argument was rejected because the habitual

offender statute did not retroactively operate to punish the pre-existing crime. Rather, "[t]he ground upon which these statutory provisions is bottomed is that punishment is imposed for the current offense only, and that in determining the amount and nature of the penalty to be inflicted the Legislature may require the court to take into consideration the recidivous nature of defendant's conduct." *Id.*

[¶ 13.] In *Delano v. Petteys*, 520 N.W.2d 606 (S.D.1994), this Court determined that application of an amended statute relating to revocation of good time conduct violated the prohibition against ex post facto application of the law. That case demonstrates Arguello's erroneous interpretation of our ex post facto jurisprudence; the ex post facto prohibition is intended to prevent punishment from occurring retrospectively. Here, SDCL 32–23–4.1 operates prospectively, applying past convictions to determine punishment for a conviction that occurs down the road. At all times, the punishment is for the then existing conviction and not the prior convictions.

[¶ 14.] In addition, "it is settled that criminal or penal legislation amending existing law may not change the legal consequences of acts completed before its effective date, a statute, however, is not rendered unconstitutional as an ex post facto law merely because it might operate on a fact or status preexisting the effective date of the legislation, as long as its punitive features apply only to acts committed after the statutory proscription becomes effective." *Lewis v. Class*, 1997 SD 67, ¶ 23, 565 N.W.2d 61, 65. Arguello's sentence was for his third DUI conviction, a conviction that occurred after SDCL 32–23–4.1 was amended.

[¶ 15.] We affirm.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP and ZINTER, Justices, and AMUNDSON, Retired Justice, participating.

[¶ 17.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.