2003 SD 44

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Duane SMITH, Defendant and Appellant.**

**No. 22316.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 10, 2003.

Decided April 23, 2003.

Lawrence E. Long, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Kevin Lewis, Pennington County Public Defender, Rapid City, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Duane Smith appeals his conviction for Driving under the Influence (DUI). We affirm.

## FACTS AND PROCEDURE

[¶ 2.] On August 2, 2001, Trooper Slade Ross received a dispatch that a vehicle had left I–90 and was upside down in the median. Upon arriving at the scene, Trooper Ross made contact with Smith who admitted to being the driver of the vehicle. Smith followed Trooper Ross to his patrol car to prepare an accident report. Trooper Ross noticed that Smith's eyes were bloodshot; he swayed as he stood; his actions were slow and deliberate; and, his gait was unsteady. While the two were seated in the patrol car Trooper Ross noticed an odor of alcohol. Smith then admitted to consuming three mixed drinks, the last being approximately 10 minutes prior to the accident.

[¶ 3.] Trooper Ross requested Smith to perform two field sobriety tests: the alphabet and number count tests. Smith missed one letter on the alphabet test and successfully completed the number count test. Smith then agreed to submit to a blood alcohol test. Smith's blood alcohol content was .151 percent.

[¶ 4.] A jury determined that Smith was guilty of DUI. Following a court trial he was also found guilty as a habitual offender under the part II information. Smith had previously been convicted of DUI in 1994 and 2001. Smith appeals.

## ANALYSIS

### ISSUE ONE

[¶ 5.] **Whether the evidence was sufficient to sustain a conviction for DUI.**

[¶ 6.] Smith's challenge to the sufficiency of the evidence is based on an alternative version of what happened during the time prior to the vehicular accident. Smith's girlfriend testified that he had only three drinks that night. She also testified that Smith wore dentures and that accounted for the smell of alcohol on

his breath. The other factors which prompted further investigation and indicated DUI, such as the staggered walk and impaired coordination, were attributed to the automobile accident. Smith also challenged the results of the blood test because if he only had three drinks that evening—that would not be enough to support the results obtained. We find this argument to be without merit.

[¶ 7.] The jury listened to both versions of events and determined Smith guilty. Based on the results of the blood alcohol content, the jury heard evidence that in fact Smith had the equivalent of thirteen shots of alcohol. Viewing the evidence and its inferences most favorable towards upholding the verdict, as we are required to do, there is ample support for the jury's verdict. *See State v. Chavez*, 2002 SD 84, ¶ 23, 649 N.W.2d 586, 594. There is no justification on this record to cast aside that verdict.

## ISSUE TWO

[¶ 8.] **Whether the trial court erred in requiring Smith to reimburse the county for the expert witness fees of a forensic chemist.**

[¶ 9.] The trial court ordered Smith to reimburse the county $250 in costs for the witness fees of Dr. Looyenga, a forensic chemist. Smith contends that SDCL 23A–27–26 bars recovery of this witness fee. That statute provides:

In all criminal actions, upon conviction of the defendant, the court may adjudge that the defendant pay the whole or any part of the costs of that particular prosecution in addition to the liquidated costs provided by § 23–3–52. *However, the costs shall not include items of governmental expense such as juror's fees, bailiff's fees, salaries and expenses of special agents, and reporter's per diem.* Payment of costs may be enforced as a civil judgment against the defendant.

(emphasis added). Smith asserts that Dr. Looyenga, a forensic chemist, is a special agent within the meaning of SDCL 23A–27–26 and his witness fees are therefore not recoverable.

[¶ 10.] The State contends that SDCL 32–23–17 is the controlling authority. That statute provides:

In the case of a conviction under this chapter [driving under the influence] the *costs accrued for the withdrawal and chemical analysis of blood or other bodily substance, and witness fees and expenses in connection therewith,* shall be taxed by the court as costs in the action and shall, if the county is to have a lien for fees paid to counsel for an indigent, be included in the lien filed; otherwise it shall, with such other costs as the court imposes, be entered in the judgment as provided in chapter 23A–27.

(emphasis added).

[¶ 11.] A "statute with more specific language relating to a particular subject will prevail over the general terms of another statute." In re Guardianship for T.H.M., 2002 SD 13, ¶ 7, 640 N.W.2d 68, 71. SDCL 32–23–17 is contained in the chapter specifically relating to DUI convictions. Its provisions state that the witness fees in connection with the chemical analysis of blood relating to a DUI conviction are recoverable. Whereas, SDCL 23A–27–26 is a general provision relating to criminal procedure. Pursuant to SDCL 32–23–17 the costs were properly awarded.

## ISSUE THREE

[¶ 12.] **Whether the trial court improperly considered a past DUI conviction**

[¶ 13.] Smith alleges that a prior conviction which occurred in 1994 is void for enhancement purposes. At the time of that conviction, SDCL 32–23–4.1 contained a five-year look back period for sentence enhancement. However, the legislature

subsequently amended the look back period to ten-years in 2001. *See* SDCL 32–23–4.1. Smith alleges that use of this conviction for enhancement purposes violates due process and is an ex post facto application of the law. This exact argument was recently rejected by this Court in *State v. Arguello,* 2002 SD 157, 655 N.W.2d 451.

[¶ 14.] Though counsel here did not have the benefit of the *Arguello* decision, this Court expressly determined:

SDCL 32–23–4.1 operates prospectively, applying past convictions to determine the punishment for a conviction that occurs down the road. At all times, the punishment is for the then existing conviction and not for the prior convictions.

*Id.* ¶ 13. The legislative modification and its subsequent application to a repeat offender does not violate the constitution. *Id.* ¶ 14.

[¶ 15.] We affirm.

[¶ 16.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, participating.