#26170-rev.-GAS

**2012 S.D. 59**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA                    Plaintiff and Appellee,

    v.

COURTNEY JO KOCH,                        Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE LAWRENCE E. LONG
Judge

* * * *

MARTY J. JACKLEY
Attorney General

MAX A. GORS
Assistant Attorney General
Pierre, South Dakota                     Attorneys for plaintiff
                                         and appellee.

DREW C. DUNCAN
DANIEL K. BRENDTRO of
Zimmer, Duncan & Cole, LLP
Sioux Falls, South Dakota                Attorneys for defendant
                                         and appellant.

* * * *

CONSIDERED ON BRIEFS
ON MAY 21, 2012

OPINION FILED  **08/01/12**

#26170

SEVERSON, Justice.

[¶1.]        Courtney Koch was arrested for DUI on February 27, 2011.  The magistrate judge entered an order suppressing all evidence obtained from the initial traffic stop.  The State appealed to the circuit court.  Koch moved to dismiss the appeal, which the circuit court denied.  This Court granted Koch's petition for intermediate appeal.  The issue is whether the circuit court had jurisdiction to entertain the State's appeal from the magistrate's order suppressing the evidence.  Because the magistrate's order does not finally dispose of the case, it is not a final order appealable to the circuit court.

**Facts and Procedural History**

[¶2.]        The facts of this case are not in dispute.  On February 27, 2011, Sioux Falls police responded to a report of a vehicle stuck in a snow bank.  By the time they arrived, the vehicle had been pulled out of the snow.  The vehicle's driver, Koch, was in the passenger seat of the pickup that had pulled her vehicle from the snow.  The responding officer noted the odor of alcohol on Koch, not the driver of the pickup.  The police investigated Koch for driving under the influence and eventually arrested her for that offense.

[¶3.]        At a suppression hearing, the magistrate judge entered an order suppressing all evidence obtained from the stop of the vehicle.  This included the results of all fluid tests and field-sobriety tests.*  The State appealed to the circuit

---

*        The magistrate court's order stated:

> That any and all evidence, including all physical and eye witness
> evidence obtained pursuant to the stop and detention of the Defendant,
>                                                      (continued…)

-1-

court. Koch moved to dismiss the appeal, arguing that the circuit court lacked jurisdiction to hear an appeal from the magistrate's intermediate order. The circuit court disagreed and denied Koch's motion to dismiss the appeal. Koch sought intermediate appeal from this Court of the order denying her motion to dismiss. This Court granted the petition for intermediate appeal.

## Analysis

[¶4.]     The issue presented is whether the circuit court has jurisdiction to hear an appeal by the State from a magistrate court's order suppressing evidence. Issues of jurisdiction are reviewed de novo. *Sazama v. State ex rel. Muilenberg*, 2007 S.D. 17, ¶ 9, 729 N.W.2d 335, 340.

[¶5.]     Koch and the State agree that the relevant statutes contemplate appeal from magistrate to circuit court of final orders only. The relevant statutes provide:

> Except where an appeal is denied by law, there shall be a right of appeal to the circuit court from any final order or judgment of the magistrate court. Appeals from such final orders and judgments must be taken within ten days after the attestation and filing of the order or judgment appealed from.

SDCL 15-38-22. "The circuit court has jurisdiction of appeals from all final judgments, decrees or orders of all courts of limited jurisdiction, inferior officers or

---

(…continued)

> any bodily fluid samples taken from the Defendant and any test results obtained thereto, any and all statements received from the Defendant or from the driver, Steven Keinholz, by law enforcement following the stop of the vehicle, and all other photographs, test results, and other fruits of the arrest, search, or other action by law enforcement officers of the Defendant's actions, person or property, is suppressed and cannot be used by the State of South Dakota at trial under any circumstance.

tribunals, in the cases prescribed by statute." SDCL 16-6-10. "Unless appeal is denied by law, there is a right of appeal to the circuit court from any final order or judgment of the magistrate court, and such appeal shall be taken in the manner prescribed by law or rule for appeals to the circuit court." SDCL 16-12A-27.1.

[¶6.] Koch first argues that the order suppressing evidence is not a "final order" pursuant to these statutes because it is not dispositive—the criminal charge against Koch still exists after the magistrate court's order. On the other hand, the State argues that the order effectively disposes of the case, and is therefore a final order. As stated in the State's brief: "As a practical matter, the Order also acquits Koch because the Order leaves the State with no evidence upon which to obtain a conviction." The circuit court determined that the order, "which suppressed nearly all of the State's evidence, constitutes a 'final order' under SDCL 15-38-22." If the order is final, the motion to dismiss was properly denied; if not final, the circuit court erred in exercising jurisdiction over the appeal. This precise issue has not been explicitly addressed by this Court.

[¶7.] Defining "final" for purposes of appealability is not an effortless task. "Of course appealability of a judgment depends on its being 'final' in the legalistic sense. But there is no more ambiguous word in all the legal lexicon." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.,* 344 U.S. 206, 215, 73 S. Ct. 245, 251, 97 L. Ed. 245 (1952) (Black, J., dissenting). Koch quotes *Black's Law Dictionary* 1206 (9th ed. 2009) for the following definition of "final order:" "An order that is dispositive of the entire case." Koch argues that such a definition requires that the case be finally disposed of, meaning there is nothing further to be done.

Koch argues that here, after the motion to suppress was granted, the case remained. The State could dismiss the charges, proceed with the evidence remaining, or attempt to find new evidence to bolster the prosecution. The State counters by arguing that the suppression order effectively disposed of the case, rendering the suppression order dispositive and therefore final.

[¶8.]        Koch cites authority from Nebraska, Arkansas, and Idaho regarding finality of orders. But none of those cases define a "final order" in the context of orders suppressing evidence. *See Villines v. Harris*, 208 S.W.3d 763, 766 (Ark. 2005) (finding an order not final because the amount of damages in a dispute over damage to property had yet to be decided and a later hearing would be conducted to accomplish that task); *Williams v. State Bd. of Real Estate Appraisers*, 239 P.3d 780, 783 (Idaho 2010) (finding a denied motion to dismiss an administrative complaint alleging improper conduct by a real estate appraiser was not final because it "did not determine or dismiss the issues of misconduct alleged in the complaint."); *Donscheski v. Donscheski,* 771 N.W.2d 213, 219 (Neb. App. 2009) (determining that a journal entry in a child custody dispute was not final because it did not dispose of all issues, the issues of parenting time and child support were taken under advisement). When addressing its appellate jurisdiction as conferred by Congress, our Territorial Supreme Court discussed "final decisions" as follows:

> In that section is plainly expressed the power to hear and determine writs of error and appeals from final decisions of the district courts in all cases; not from interlocutory orders or decisions, nor from orders made or decisions pronounced during the progress of the cause, but from final decisions, or, what is the equivalent term, when applied to an action, from final judgments. No judgment is final which does not terminate the litigation between the parties to the suit.

*Harris Manufacturing Co. v. Walsh,* 3 N.W. 307, 308-09 (Dakota 1879).

[¶9.]     The State provides authority holding that orders suppressing evidence and effectively disposing of the case are sufficiently final as to be appealable. The State first cites a United States Supreme Court decision that identified an order suppressing evidence as a "final judgment." *New York v. Quarles*, 467 U.S. 649, 651 n.1, 104 S. Ct. 2626, 2629 n.1, 81 L. Ed. 2d 550 (1984). The order at issue was final because later review of the suppression issue would be impossible if the case continued (if the defendant was acquitted, the State could not appeal; if the defendant was convicted, the suppression issue would be moot). *Id.* But here, appealability of the order is not the concern. The South Dakota Legislature has provided a mechanism for appellate review of magistrate orders granting suppression. SDCL 23A-32-5. This section provides:

> An appeal by a prosecuting attorney may be taken to the Supreme Court from:
> (1) An order of a circuit court or a magistrate suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding;
> (2) An order of a circuit court or a magistrate sustaining a motion to dismiss a complaint on statutory grounds or otherwise.
> An appeal under this section may not be taken after a defendant has been put in jeopardy and is not a matter of right but of sound judicial discretion. Appeals from such orders shall be taken in the same manner as intermediate appeals in subdivision 15-26A-3(6). No appeal taken under this section shall delay any trial unless a stay be granted in the discretion of the Supreme Court.

The mechanism available for a prosecutor to appeal a magistrate court's suppression order is precisely the same as that available to appeal the same type of order from circuit court. *Id.* The availability of appellate review in the present

context distinguishes this situation from that faced by the Supreme Court in *Quarles*.

[¶10.]     The State then cites authority from other states holding that orders suppressing evidence are sufficiently final as to be appealable.  *Commonwealth v. Bosurgi*, 190 A.2d 304 (Pa. 1963); *State v. Williams*, 445 N.E.2d 582 (Ind. 1984); *State v. Davidson*, 477 N.E.2d 1141, 1144 (Ohio 1985).  These cases are also distinguishable.  In *Bosurgi*, the order suppressing evidence was either final, and therefore appealable, or not appealable at all.  *Bosurgi*, 190 A.2d at 308 ("The evidence suppressed may well mark the difference between success and failure in the prosecution; to deny the Commonwealth its only opportunity of securing an appellate review to determine whether the evidence was properly suppressed is highly unfair to the Commonwealth and the interests of society which it represents.").  As in *Quarles*, if the *Bosurgi* court did not determine the suppression order to be final, there would be no avenue for appellate review.

[¶11.]     In both *Davidson* and *Williams*, state statutes authorized appeal when the prosecutor certified the order suppressing evidence would prevent prosecution.  The issue in those cases was whether the order suppressing evidence "destroys the ability of the State to prosecute."  *Davidson*, 477 N.E.2d at 1145.  In *Davidson*, a state statute allowed an appeal from the motion to suppress as of right when "the prosecuting attorney certifies that . . . the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." *Id*. at 1144.  Likewise in *Williams*, a state statue provided that the state could appeal "from an

order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution." Ind. Code § 35-1-47-2(5) (Burns 1982 Supp). In both *Davidson* and *Williams*, the relevant code sections specifically authorized appeal by the State when the order suppressing evidence precluded prosecution. No such statute exists in South Dakota.

[¶12.] Here, as discussed above, the State had an avenue for appealing the suppression order. *See* SDCL 23A-32-5. That the Legislature specifically provided an avenue for appeal, independent of appeal by right due to the order's finality, indicates the Legislature did not intend for the appealability of suppression orders to hinge on their "finality." Otherwise, there would have been no reason to allow the State to petition for intermediate review of the magistrate's order suppressing evidence; such orders would have been appealable to the circuit court if sufficiently final. Because the magistrate court's order did not dispose of the case, it is not "final" for purposes of appeal to the circuit court. The State's avenue to appeal the magistrate court's decision was through SDCL 23A-32-5.

[¶13.] The State argues, and the circuit court found, that *State v. Roadifer*, supports the proposition that the order suppressing evidence is final. 346 N.W.2d 438 (S.D. 1984). In *Roadifer*, this Court considered an appeal in a similar context as that presented. Defendant moved to suppress certain evidence from a DUI stop. *Id*. at 439. The magistrate court granted the motion to suppress. *Id*. The circuit court affirmed. *Id*. After granting intermediate appeal, this Court reversed the circuit court's decision affirming the magistrate court's order suppressing the evidence. *Id*. at 441. The Court did not comment on the jurisdictional propriety of

the appeal from magistrate to circuit court, but the jurisdictional question was not presented. "It is the rule in this state that jurisdiction must affirmatively appear from the record and this [C]ourt is required sua sponte to take note of jurisdictional deficiencies, whether presented by the parties or not . . . ." *Decker ex rel. Decker v. Tschetter Hutterian Brethren, Inc.,* 1999 S.D. 62, ¶ 14, 594 N.W.2d 357, 362 (citation omitted). But the combination of this language, and this Court's silence in a similar, but not identical context, does not override the constitutional declaration that the appellate jurisdiction of the circuit court is only as provided by the Legislature.

[¶14.] The South Dakota Constitution provides for appellate jurisdiction of the circuit courts:

> The circuit courts have original jurisdiction in all cases except as to any limited original jurisdiction granted to other courts by the Legislature. The circuit courts and judges thereof have the power to issue, hear and determine all original and remedial writs. The circuit courts have such appellate jurisdiction as may be provided by law.

S.D. Const. art. V, § 5. In the context of appealing orders of a magistrate court suppressing evidence, the Legislature granted this Court appellate jurisdiction to entertain such appeals, not the circuit court. *See* SDCL 23A-32-5. This Court's silence on an issue should not be read so as to interpret the relevant statutes as providing circuit courts appellate jurisdiction to consider magistrate orders suppressing evidence—especially in light of the constitutional questions inherent in such an interpretation.

## Conclusion

[¶15.]     Because the relevant order does not finally dispose of the criminal charges against Koch, the order suppressing evidence is not a final order.  The circuit court was without jurisdiction to consider the State's appeal from the magistrate's order suppressing evidence.  Denial of Koch's motion to dismiss is reversed.

[¶16.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.