#26811-a-DG

**2014 S.D. 15**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                     Plaintiff and Appellee,

    v.

MARK SMITH,                               Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE THOMAS L. TRIMBLE
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ELLIE J. BAILEY
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


TODD A. LOVE
Bettmann Hogue Law Firm, Prof. LLC
Rapid City, South Dakota                  Attorneys for defendant
                                          and appellant.

* * * *

CONSIDERED ON BRIEFS
ON FEBRUARY 18, 2014
OPINION FILED **03/12/14**

#26811

GILBERTSON, Chief Justice

[¶1.]	In this appeal, Defendant Mark Smith challenges the validity of a Part II Information filed against him that alleged Smith had previously been convicted of two DUI offenses. He claims the predicate convictions were invalid due to the courts' lack of subject matter jurisdiction. Smith also appeals the circuit court's denial of his request for a suspended imposition of sentence, claiming that the statute relied on by the court violated the constitutional prohibition against ex post facto legislation. We affirm.

**Facts and Procedural History**

[¶2.]	Smith was arrested in April 2012, suspected of driving under the influence of alcohol. A grand jury indicted Smith for driving while under the influence of alcohol in violation of SDCL 32-23-1(2), or alternatively, for driving while having .08% or more by weight of alcohol in his blood in violation of SDCL 32-23-1(1). The grand jury also indicted Smith for obstructing a public officer in violation of SDCL 22-11-6. In June 2012, a Part II Information was filed alleging that Smith had been convicted of two prior DUI offenses.

[¶3.]	In 2008, Smith was charged with alternative counts of driving or control of a vehicle while under the influence of alcohol or driving or control of a vehicle while having .08% or more by weight of alcohol in his blood. The record reflects that the prosecution in that case handed the information to the judge at the arraignment hearing. Smith pleaded guilty and was granted a suspended imposition of sentence.

[¶4.] In 2009, Smith was again arrested and charged with the same alternative offenses, stemming from a separate driving incident. The record does not indicate how the information was filed with the court, but the judgment of conviction in that case states that an information was filed with the court on the same day as the arraignment. Smith pleaded guilty and was sentenced to 180 days in jail, with all jail time suspended on certain conditions.

[¶5.] Smith moved to dismiss the 2012 Part II Information. He argued that the 2008 and 2009 convictions were invalid for enhancement purposes because the magistrate courts in each of the actions failed to obtain subject matter jurisdiction over the actions. Specifically, Smith argued that the judges' failure to strictly follow procedure meant the informations were not validly filed and the courts therefore lacked jurisdiction. Following a hearing on the matter, the circuit court denied the motion. In October 2012, the circuit court entered its findings of fact and conclusions of law. The circuit court found that in each prior conviction, Smith was fully advised of his constitutional and statutory rights and subsequently waived those rights. The court also concluded that the State properly filed an information with the court at the time of the hearings in both of the prior cases before Smith entered his pleas to the charged offenses.

[¶6.] In February 2013, Smith pleaded guilty to driving or control of a motor vehicle while having .08% or more by weight of alcohol in his blood as charged in the 2012 indictment. Smith also admitted to the Part II Information. At the sentencing hearing, the circuit court took under consideration Smith's request to be granted a suspended imposition of sentence. The circuit court ultimately denied

Smith's request, ruling that Smith was ineligible for a suspended imposition of sentence pursuant to SDCL 23A-27-13. Smith was sentenced to two years in the penitentiary, with the execution of sentence suspended on certain conditions.

[¶7.]     Smith appeals raising two issues:

1.     Whether the circuit court erred in denying Smith's motion to dismiss the Part II Information based on the court's lack of jurisdiction in the underlying convictions.

2.     Whether application of SDCL 23A-27-13 violated the constitutional prohibition against ex post facto legislation.

**Analysis and Decision**

[¶8.]     1.     *Whether the circuit court erred in denying Smith's motion to dismiss the Part II Information based on the court's lack of jurisdiction in the underlying convictions.*

[¶9.]     Smith first argues that the circuit court erred in denying his motion to dismiss the Part II Information in this case. He asserts that the magistrate judges in both of his underlying convictions failed to "note thereon the filing date" of the information, as mandated by SDCL 15-6-5(e). Smith contends that this failure made the predicate convictions invalid for lack of jurisdiction. Accordingly, Smith asks this Court to reverse the circuit court decision and order the dismissal of the Part II Information. This ultimately raises an issue of jurisdiction, which we review de novo. *State v. Koch*, 2012 S.D. 59, ¶ 4, 818 N.W.2d 793, 794 (citing *Sazama v. State ex rel. Muilenberg*, 2007 S.D. 17, ¶ 9, 729 N.W.2d 335, 340).

[¶10.]     SDCL 23A-6-3 states in part: "All informations shall be filed with the court having jurisdiction of the offense by the prosecuting attorney prior to arraignment." SDCL 15-6-5(e) further provides that:

> The filing of pleadings and other papers with the court as required by this chapter shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

Smith asserts that the judges in both of his underlying convictions failed to personally "note thereon the date" before transmitting the informations to the office of the clerk. He argues that this failure robbed the court of subject matter jurisdiction. We disagree.

[¶11.]    In both *State v. Arguello*, 519 N.W.2d 326 (S.D. 1994) and *State v. Heftel*, 513 N.W.2d 397 (S.D. 1994), this Court examined the procedure in question and held that the failure of a judge to personally note the filing date on the information does not deprive the court of jurisdiction. As in this case, the informations in *Arguello* and *Heftel* were given to the court during the course of the arraignment, but date-stamped by the clerk of courts at a later time. *Arguello*, 519 N.W.2d at 328; *Heftel*, 513 N.W.2d at 402. In both *Heftel* and *Arguello*, we distinguished the effect of failure to strictly comply with SDCL 15-6-5(e) with the failure of the State to file an information, which had been held to deprive the court of jurisdiction. *Heftel*, 513 N.W.2d at 402 (citation omitted); *Arguello*, 519 N.W.2d at 329 (citation omitted).

[¶12.]    We noted that "[t]he purpose of an Indictment or Information is to apprise a defendant of the nature of the charges against him with sufficient specificity so that he may defend against the charges and may later plead the Indictment or Information as a bar to a subsequent charge." *Arguello*, 519 N.W.2d at 328 (citations omitted). Therefore, "when the purpose of the act has been fulfilled

and the defendant can claim 'no surprise, prejudice or disadvantage'" we will not invalidate the jurisdiction of the court simply because the judge failed to personally note the date on the information. *See id.* (quoting *Heftel*, 513 N.W.2d at 402-03).

[¶13.] Contrary to our holdings in *Heftel* and *Arguello*, Smith argues that the failure of the judge to personally note the time of filing with the court is a jurisdictional error, depriving the court of the ability to hear a case. Smith cites no authority to directly support this proposition. Instead, he cites to *In re Gillespi*, 397 N.W.2d 476 (S.D. 1986), to argue that "failure to comply with the procedural requirements robs the court of jurisdiction." *Gillespi* does not stand for the rule as so broadly stated by Smith, nor does Smith indicate in any way that *Gillespi* should be read to modify or overrule our decisions in *Heftel* and *Arguello*.[1]

[¶14.] Smith does not claim any other error in the lower courts' procedures. The settled law of this Court indicates that the claimed error does not rise to the level of jurisdictional error. We therefore conclude that the courts in Smith's

---

1. In *Gillespi*, this Court found there was no *personal* jurisdiction over Beadle County or the Beadle County Treasurer where those parties were not properly served by the opposing party. 397 N.W.2d at 477-78. *Gillespi* is not applicable in this case, where Smith challenges the subject matter jurisdiction of the court. Failure to serve a party is materially distinguishable from the procedural issue at bar because failure to serve may raise issues of surprise, prejudice, and disadvantage. *See Straub v. Lyman Land & Inv. Co.*, 31 S.D. 571, 141 N.W.2d 979, 980 (1913) (noting that proper service of process is "reasonably calculated to bring notice of the commencement of the action home to the defendant."). We have specifically found the issue of unfair surprise is not present when a judge simply fails to note the date on the information before passing it to the clerk's office as mandated by SDCL 15-6-5(e). *See Heftel*, 513 N.W.2d at 402 (citing *State v. Graycek*, 368 N.W.2d 815, 818 (1985)); *Arguello*, 519 N.W.2d at 328 (citation omitted).

predicate convictions assumed proper jurisdiction over the cases and that the circuit court did not err in denying Smith's motion to dismiss the Part II Information.

       2.     *Whether application of SDCL 23A-27-13 violated the constitutional prohibition against ex post facto legislation.*

[¶15.]      Smith next argues that the circuit court failed to exercise its discretion by denying his request for a suspended imposition of sentence. The circuit court held that Smith had already received a suspended imposition of sentence in 2008, and was therefore ineligible for another suspended imposition of sentence pursuant to SDCL 23A-27-13. Smith contends that the 2010 amendment to SDCL 23A-27-13, as applied in this case, violates the constitutional prohibition on ex post facto legislation. Smith asks this Court to remand the case with instructions to reconsider his request for a suspended imposition of sentence, without applying the 2010 amendment. This Court reviews de novo Smith's challenge to the constitutionality of SDCL 23A-27-13. *See State v. Schmidt*, 2012 S.D. 77, ¶ 12, 825 N.W.2d 889, 894 (citing *State v. Tiegen,* 2008 S.D. 6, ¶ 14, 744 N.W.2d 578, 585).

[¶16.]      The South Dakota Constitution, article VI, § 12 provides that "[n]o ex post facto law . . . shall be passed." We have explained this prohibition by stating:

> [I]t is settled that criminal or penal legislation amending existing law may not change the legal consequences of acts completed before its effective date, a statute, however, is not rendered unconstitutional as an ex post facto law merely because it might operate on a fact or status preexisting the effective date of the legislation, as long as its punitive features apply only to acts committed after the statutory proscription becomes effective.

*State v. Arguello*, 2002 S.D. 157, ¶ 14, 655 N.W.2d 451, 454 (quoting *Lewis v. Class*, 1997 S.D. 67, ¶ 23, 565 N.W.2d 61, 65).

[¶17.] In 2010, the Legislature amended SDCL 23A-27-13, adding "No person who has previously been granted . . . a suspended imposition of sentence is eligible to be granted a second suspended imposition of sentence."[2] *See* 2010 S.D. Sess. Laws ch. 128, § 1. Smith argues that the 2010 amendment retroactively increased the punitive effect of his 2008 conviction by denying him the "benefits and opportunities that were granted to him in 2008 by the magistrate court." He asserts that at the time of his 2008 conviction, he "had the expectation that should he ever be convicted of a felony offense, he would be eligible for a suspended imposition of sentence." Accordingly, Smith argues that the 2010 amendment violates the ex post facto clause by adding consequences to his 2008 conviction that did not exist at the time of conviction. Smith's arguments are not convincing.

[¶18.] The 2010 amendment did not alter Smith's suspended imposition of sentence in 2008. Rather, any punitive effect of the amendment only operated upon

---

2. As amended, SDCL 23A-27-13 provides:

> Upon receiving a verdict or plea of guilty for a misdemeanor or felony not punishable by death or life imprisonment by a person never before convicted of a crime which at the time of conviction thereof would constitute a felony in this state, a court having jurisdiction of the defendant, if satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may, without entering a judgment of guilt, and with the consent of the defendant, suspend the imposition of sentence and place the defendant on probation for such period and upon such terms and conditions as the court may deem best. No person who has previously been granted, whether in this state or any other, a suspended imposition of sentence is eligible to be granted a second suspended imposition of sentence. A court may revoke such suspension at any time during the probationary period and impose and execute sentence without diminishment or credit for any of the probationary period.

Smith's 2013 conviction, guiding the court's determination of the range of potential penalties for Smith's third arrest and conviction for driving under the influence. In that regard, the 2010 amendment has a similar effect as an amendment to a penalty-enhancement statute. We have rejected ex post facto challenges to amended penalty-enhancement statutes, because they simply "appl[y] past convictions to determine punishment for a conviction that occurs down the road" such that "the punishment is for the then existing conviction and not prior convictions." *See Arguello*, 2002 S.D. 157, ¶¶ 11-15, 655 N.W.2d at 454; *State v. Nilson,* 364 N.W.2d 532, 533 (S.D. 1985).[3] Similarly, the 2010 amendment in this case only changed the legal consequences of Smith's third DUI arrest and conviction, which happened *after* the enactment of the amendment. Therefore, the amendment is not retroactive in effect and does not implicate the ex post facto clause.

[¶19.]    Furthermore, Smith's assertion that the 2010 amendment "directly denied Smith benefits and opportunities that were granted to him in 2008 by the

---

3.    In *Arguello*, the defendant was convicted of driving under the influence in 1993 and 1995, at which time the look-back period for sentencing enhancement was only five years. 2002 S.D. 157, ¶¶ 2-3, 655 N.W.2d at 452. In July 2001, the look-back period was extended to ten years. *Id.* ¶ 3. The defendant was convicted of a third DUI in August 2001, and the circuit court enhanced his penalty based on his 1993 and 1995 convictions. *Id.* ¶ 2. This court unanimously held that the punishment was "imposed for the current offense only" and therefore did not violate the prohibition on ex post facto legislation. *Id.* ¶¶ 12-13. *Nilson* involved a similar challenge when a habitual-offender statute allowed prior convictions to be used for five years, rather than four. 364 N.W.2d 532, 532-34. In *Nilson*, we stated that "[s]ubsequent offender provisions . . . do not undertake to punish again for the prior offenses." *Id.* at 533 (citation omitted).

magistrate court" is misplaced. He argues that he had an "expectation" in his eligibility for leniency in future convictions. Smith misconstrues the nature of suspended imposition of sentencing. As we have stated, "[t]he granting of suspended imposition of sentence is strictly a matter of grace and rests solely within the discretion of the court. It is not a matter of right or entitlement[.]" *State v. A.B.*, 2008 S.D. 117, ¶ 25, 758 N.W.2d 910, 917 (quoting *State v. Divan*, 2006 S.D. 105, ¶ 16, 724 N.W.2d 865, 872). Because leniency is discretionary, Smith cannot claim that any future "benefits and opportunities" were "granted" to him in 2008. It was always within the sole discretion of the court to deny a request for the suspended imposition of sentence. Thus, Smith's assertion that the amendment acted as an additional penalty by taking away these alleged "benefits and opportunities" is without support.

[¶20.] The 2010 amendment to SDCL 23A-27-13 is prospective in effect. In this case, its only effect was upon the sentencing for Smith's third DUI arrest, which occurred after the amendment was enacted. Contrary to Smith's assertions, the amendment did not retroactively deprive Smith of any right allegedly granted to him in 2008. Accordingly, the circuit court's application of SDCL 23A-27-13 did not violate the constitutional prohibition against ex post facto legislation.

**Conclusion**

[¶21.] Based on the above stated reasons, we affirm.

[¶22.] KONENKAMP, ZINTER, SEVERSON, and WILBUR, Justices, concur.