#27444-dismissed-LSW

**2016 S.D. 24**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

COREY D. KAUFMAN,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
MEADE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE MICHELLE K. PALMER PERCY
Judge

* * * *

MARTY J. JACKLEY
Attorney General

JARED C. TIDEMANN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff
                                 and appellee.

TIMOTHY J. BARNAUD
Spearfish, South Dakota                    Attorney for defendant
                                 and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 11, 2016

OPINION FILED **03/16/16**

WILBUR, Justice

[¶1.]		Defendant pleaded guilty in South Dakota to driving under the influence and admitted to being a habitual offender. After entry of the judgment of conviction, the State of Nebraska suspended defendant's commercial driver's license. Defendant filed a motion in a South Dakota circuit court to reopen his case and allow him to withdraw his guilty plea under SDCL 23A-27-11. He claimed the loss of his commercial driver's license constituted a manifest injustice. The circuit court denied defendant's motion, and he appeals. The State asserts that this Court lacks jurisdiction to consider defendant's appeal. We agree and dismiss for lack of appellate jurisdiction.

## Background

[¶2.]		On August 8, 2013, a law enforcement officer stopped Corey Kaufman for driving erratically. The officer smelled the odor of alcohol, and Kaufman admitted he had been drinking. He failed five of seven sobriety tests, and his blood alcohol content was .142. The officer arrested Kaufman. An information filed on August 9, 2013, charged Kaufman with driving under the influence in violation of SDCL 32-23-1(2), and, in the alternative, driving while having a blood alcohol content of .08 percent or more in violation of SDCL 32-23-1(1). A part II information alleged Kaufman to be a habitual offender in violation of SDCL 32-23-3.

[¶3.]		At his initial appearance, on August 9, 2013, the magistrate court advised Kaufman of his rights. Kaufman intended to plead guilty. Prior to accepting Kaufman's plea, the court generally explained that a plea of guilty could impact one's driving privileges. The court did not specifically inform Kaufman that

a guilty plea would impact his Nebraska commercial driver's license (CDL). Kaufman pleaded guilty to violating SDCL 32-23-1(1) and admitted to the part II information. On August 13, 2013, the court sentenced Kaufman and entered a judgment of conviction. Kaufman did not appeal.

[¶4.] On October 21, 2014, Kaufman moved the circuit court to reopen his case and allow him to withdraw his guilty plea under SDCL 23A-27-11. That statute provides that a court may allow a defendant to withdraw a guilty plea after sentence, but only to correct a manifest injustice. *Id.* Kaufman alleged that a manifest injustice occurred because the magistrate court failed to advise him that a guilty plea would result in the suspension of his Nebraska CDL for life with a possibility of reinstatement after ten years. He claimed he would not have pleaded guilty had he been aware of the consequence to his CDL. Kaufman asserted that his CDL was necessary to his "livelihood" and ability to provide for his child and ailing parents.

[¶5.] On April 7, 2015, the circuit court orally denied Kaufman's motion. It ruled that Kaufman did not present clear and convincing evidence that a manifest injustice occurred. The court also ruled that the loss of a CDL is a collateral consequence, of which the court had no duty to advise Kaufman. The court entered an order on April 29, 2015, denying Kaufman's motion.

[¶6.] Kaufman appeals and asserts that he "should be allowed to withdraw his guilty plea due to the magistrate court's failure to inform him at his initial appearance that a plea to DUI second would cause him to lose his commercial

driver's license for life." The State responds that this Court does not have jurisdiction to consider Kaufman's appeal.

## Analysis

[¶7.] We first address whether this Court has jurisdiction to consider Kaufman's appeal. According to the State, no statute expressly gives a defendant the right to appeal a circuit court's stand-alone order denying a motion to withdraw a guilty plea under SDCL 23A-27-11. The State similarly claims that no statute gives this Court the discretion to consider an appeal from a stand-alone order under SDCL 23A-27-11. Kaufman, in response, asserts that so long as a defendant timely files his appeal under SDCL 23A-32-15 this Court has jurisdiction.

[¶8.] "The Supreme Court shall have such appellate jurisdiction as may be provided by the Legislature[.]" S.D. Const. art. V, § 5. The Legislature enacted SDCL chapter 23A-32 governing criminal appeals to the South Dakota Supreme Court. Within this chapter, the Legislature gave this Court appellate jurisdiction in three instances. Under SDCL 23A-32-2, a defendant may take an appeal to this Court from a final judgment of conviction. For an appeal "not allowed as a matter of right," the state or defendant can appeal to the Supreme Court on "any intermediate order made before trial[.]" SDCL 23A-32-12. The appeal is "not as a matter of right, but of sound judicial discretion" and is "to be allowed by the Supreme Court only when the court considers that the ends of justice will be served by the determination of the questions involved without awaiting the final determination of the action." *Id.* The Legislature similarly provided this Court discretion to consider an appeal by "the state or the defendant from an order

-3-

granting or denying a motion to correct an illegal sentence or an order granting or denying a motion to correct a sentence imposed in an illegal manner." SDCL 23A-32-22.

[¶9.]    From our review of these three statutes, the Legislature did not give this Court jurisdiction to consider an appeal from an order granting or denying a motion to withdraw a guilty plea under SDCL 23A-27-11. It is undisputed that Kaufman's appeal is not from a final judgment of conviction. It is also not an appeal from an intermediate order made before trial. And, Kaufman did not move the circuit court to correct an illegal sentence or a sentence imposed in an illegal manner.

[¶10.]    Kaufman, however, contends that this Court has jurisdiction to consider his appeal because the Legislature gave the circuit court authority under SDCL 23A-27-11 to consider his motion to withdraw his plea, and Kaufman timely appealed the court's order under SDCL 23A-32-15. Kaufman is correct, SDCL 23A-27-11 gives the circuit court authority after a defendant is sentenced to "set aside a judgment of conviction and permit the defendant to withdraw his plea" to "correct manifest injustice[.]" But the circuit court's authority to consider a motion under SDCL 23A-27-11 does not mean the Legislature gave *this Court* jurisdiction to consider an appeal from the circuit court's order. Also, although Kaufman timely filed an appeal under SDCL 23A-32-15, that statute prescribes the *time* for taking an appeal. It is not a Legislative grant of appellate jurisdiction.

[¶11.]    The fact this Court does not have jurisdiction in this case is further evident because the Legislature enacted SDCL 23A-32-22 in 2015 and expressly

gave this Court jurisdiction to consider an appeal from a motion to correct an illegal sentence. *See State v. Litschewski*, 2011 S.D. 88, 807 N.W.2d 230 (neither party questioned this Court's jurisdiction to consider an appeal from a motion to correct an illegal sentence). The Legislature did not similarly give this Court jurisdiction to consider an appeal from a motion to withdraw a guilty plea. This is relevant because SDCL 23A-31-1—the statute authorizing a circuit court to consider a defendant's motion to correct an illegal sentence—is akin to SDCL 23A-27-11. Neither statute gives this Court appellate jurisdiction.

[¶12.] Because the Legislature has not enacted a provision authorizing an appeal from a motion to withdraw a guilty plea under SDCL 23A-27-11, this Court does not have jurisdiction to consider an appeal when a defendant files a motion under SDCL 23A-27-11 more than 30 days after entry of the judgment of conviction. Here, Kaufman did not file his motion to withdraw his guilty plea under SDCL 23A-27-11 until a year after judgment of conviction was entered. Therefore, this Court does not have appellate jurisdiction to consider Kaufman's appeal.

[¶13.] Dismissed.

[¶14.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.