#29637-dismiss-SRJ
**2022 S.D. 7**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

    v.

DUSTIN SCOTT EDELMAN,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE KENT SHELTON
Judge

* * * *

JASON R. RAVNSBORG
Attorney General

JONATHAN K. VAN PATTEN
Assistant Attorney General
Pierre, South Dakota                    Attorneys for plaintiff and
                                                  appellee.


TUCKER J. VOLESKY of
Volesky Law Office
Huron, South Dakota                    Attorneys for defendant
                                                  and appellant.

* * * *

CONSIDERED ON BRIEFS
JANUARY 10, 2022
OPINION FILED **02/02/22**

JENSEN, Chief Justice

[¶1.]        Dustin S. Edelman entered into a plea agreement with the State in which Edelman agreed to plead guilty to a felony charge of intentional damage to property in exchange for the State's recommendation for a one-year suspended sentence to run concurrent with a sentence he was already serving.  The circuit court sentenced Edelman to six years in prison with one year suspended to run consecutive to the prior sentence.  While in prison, Edelman's health deteriorated significantly, and he filed a motion to modify his sentence.  At the sentence modification hearing, the State opposed Edelman's request to reduce his sentence and did not refer to the plea agreement.  The circuit court entered an order denying Edelman's motion to modify the sentence.  Edelman appeals, arguing that the State breached the plea agreement at the modification hearing by failing to recommend the sentence provided for in the plea agreement.  We dismiss for lack of jurisdiction.

## Facts and Procedural History

[¶2.]        On November 29, 2018, Edelman and another individual damaged an ATM in Wolsey while attempting to break into the machine.  Edelman was charged with one felony count of intentional damage to property.  Prior to trial, Edelman entered into a plea agreement with the State in which he agreed to plead guilty to the charge of intentional damage to property in exchange for the State's recommendation of a one-year suspended sentence to run concurrent to a penitentiary sentence Edelman was serving for a conviction in Kingsbury County.

[¶3.]        Edelman pleaded guilty.  The circuit court imposed a sentence of six years in the South Dakota State Penitentiary with one year suspended to run

consecutive to the Kingsbury County sentence.[1]  The judgment of conviction was signed by the court, attested, and filed on August 26, 2020.  Edelman did not appeal the conviction.

[¶4.]        Edelman filed a motion to modify his sentence on March 12, 2021.  The motion requested that the court suspend the execution of his remaining sentence pursuant to SDCL 23A-27-19, or alternatively, reduce his sentence pursuant to SDCL 23A-31-1.  Edelman based his request on his deteriorating health and his desire to obtain medical care outside the confines of the prison.

[¶5.]        At the modification hearing, Edelman and Edelman's mother, Sandy Dame, testified.  Both testified concerning Edelman's health and the treatment he received while in prison.  Edelman explained that he is unable to walk on his own, lies in bed most of the day, takes medications four times a day, and is in constant pain.  He also testified that the treatment provided at the penitentiary, including physical therapy and epidural injections, had not provided him with any relief. Dame testified to the care that Edelman had received at the prison, detailed how his condition had worsened, and that he needed treatment outside the confines of the penitentiary.  Dame acknowledged that the penitentiary had been providing Edelman medical care and had "done everything they're capable of doing" for him. The court also took judicial notice of the plea agreement during Dame's testimony.

[¶6.]        Edelman argued that a reduction or suspension of his remaining sentence was appropriate because he was low risk, compliant while in custody,

---

1.    There is no claim that the State violated the terms of the plea agreement at sentencing, or that the court was bound by the terms of the plea agreement.

made restitution, satisfied all fines, costs, and fees, and needed medical treatment outside of the penitentiary. The State opposed a reduction of Edelman's sentence, arguing that Edelman was a "career criminal" in that he had been to prison four times and had a significant criminal history. The State emphasized that Edelman had no respect for court orders and posed a significant risk to the public. Further, the State asserted that Edelman had received adequate medical treatment while in prison. The State did not mention the terms of the plea agreement. Edelman did not object to the State's argument or claim that the State had breached the plea agreement.

[¶7.] The circuit court orally denied Edelman's request for a sentence reduction. Following the hearing, the court entered an order denying the motion to modify Edelman's sentence. Edelman appeals from this order arguing that the State breached the plea agreement at the sentence modification hearing.

## Analysis

### 1. Whether this Court has jurisdiction to consider Edelman's appeal.

[¶8.] Edelman submits in his brief that this Court has jurisdiction pursuant to SDCL 15-26A-3[2] and SDCL chapter 23A-32. The State does not challenge this

---

2. SDCL 15-26A-1 provides that SDCL chapter 15-26A "shall govern procedure in civil appeals to the Supreme Court of South Dakota." SDCL 23A-32-14 states "[e]xcept as otherwise expressly provided in this chapter, all provisions of Title 15 with reference to settlement of the record, certification, and transmission thereof to the clerk of the Supreme Court, laying the foundation for appellate review of alleged errors, preparing, serving, and filing of briefs, and presentation and argument of the appeal, shall apply to appeals under this title except to the extent that such provisions by their context are clearly inapplicable." Neither Edelman nor the State have identified any particular

(continued . . .)

Court's jurisdiction over Edelman's appeal and cites to SDCL 15-26A-3 and SDCL 23A-32-2 as the basis for this Court to assert jurisdiction. Nonetheless, this Court is obligated to consider any jurisdictional defects that may exist on appeal. "It is the rule in this state that jurisdiction must affirmatively appear from the record and this [C]ourt is required sua sponte to take note of jurisdictional deficiencies, whether presented by the parties or not . . . ." *State v. Koch*, 2012 S.D. 59, ¶ 13, 818 N.W.2d 793, 797 (quoting *Decker ex rel. Decker v. Tschetter Hutterian Brethren, Inc.*, 1999 S.D. 62, ¶ 14, 594 N.W.2d 357, 362).

[¶9.] Edelman filed the motion to modify his sentence approximately seven months after the circuit court entered the judgment of conviction. In his motion, Edelman requested the circuit court to suspend the execution of his remaining sentence pursuant to SDCL 23A-27-19, which provides that "[t]he sentencing court retains jurisdiction for the purpose of suspending any sentence for a period of two years from the effective date of the judgment of conviction[.]" Alternatively, Edelman sought a reduction of his sentence under SDCL 23A-31-1, which states, "A court may reduce a sentence . . . [w]ithin two years after the sentence is imposed[.]" Edelman did not argue under SDCL 23A-31-1 that his original sentence was illegal or imposed in an illegal manner. He merely requested a reduction in his sentence.

[¶10.] "The Supreme Court shall have such appellate jurisdiction as may be provided by the Legislature[.]" S.D. Const. art. V, § 5. "The right to appeal is statutory and therefore does not exist in the absence of a statute permitting it."

_____

(. . . continued)
subsection of SDCL 15-26A-3 that would provide for appellate jurisdiction in this instance.

*State v. Sharpfish*, 2019 S.D. 49, ¶ 12, 933 N.W.2d 1, 7 (citation omitted). Chapter 23A-32 provides this Court with jurisdiction to consider an appeal by a criminal defendant in three instances. *See State v. Kaufman*, 2016 S.D. 24, ¶ 8, 877 N.W.2d 590, 591–92 (describing the three statutes in which the Legislature granted this Court criminal appellate jurisdiction for a defendant's appeal of a judgment or order). First, under SDCL 23A-32-2, a defendant has an appeal of right from a final judgment of conviction. Second, a defendant may appeal "any *intermediate order made before trial*, as to which an appeal is not allowed as a matter of right[.]" SDCL 23A-32-12 (emphasis added). An appeal under SDCL 23A-32-12 is "not as a matter of right, but of sound judicial discretion," and may be allowed by this Court "only when the court considers that the ends of justice will be served by the determination of the questions involved without awaiting the final determination of the action." Third, a defendant may seek a discretionary appeal under SDCL 23A-32-22 "from an order granting or denying a motion to correct an illegal sentence or an order granting or denying a motion to correct a sentence imposed in an illegal manner."[3]

[¶11.] Edelman's appeal from the order denying the motion to modify his sentence does not fall within any of these three statutes. SDCL 23A-32-2 provides that "[a]n appeal to the Supreme Court may be taken by the defendant from final judgment of conviction[,]" but the appeal "must be taken within thirty days after the

---

3. The discretionary appeals afforded to the defendant pursuant to SDCL 23A-32-12 and -22 are also provided to the prosecution. Additionally, SDCL 23A-32-4 and -5 provide additional grounds for appellate jurisdiction for the prosecution, but neither statute is applicable to a criminal defendant.

judgment is signed, attested, and filed." SDCL 23A-32-15. Edelman appealed an order denying modification of his sentence nine months after the final judgment of conviction was entered. He did not timely appeal the sentence imposed in the judgment of conviction. Further, SDCL 23A-32-2 does not afford a right of appeal from a post-conviction order denying the motion to modify the sentence.

[¶12.] The statutes providing for discretionary appeals pursuant to SDCL 23A-32-12 and SDCL 23A-32-22 are inapplicable to Edelman's appeal. A discretionary appeal under SDCL 23A-32-12 is limited to an "intermediate order *made before trial*[.]" (Emphasis added.) The order Edelman seeks to appeal was not an intermediate order. Further, a discretionary appeal under SDCL 23A-32-22 is specifically limited to an appeal from an order "granting or denying a motion to correct an illegal sentence or an order granting or denying a motion to correct a sentence imposed in an illegal manner." Edelman made no claim to the circuit court that his original sentence was illegal or imposed in an illegal manner.

[¶13.] Edelman's motion to modify his sentence asked the circuit court to suspend the remainder of his sentence pursuant to SDCL 23A-27-19 or reduce his sentence under SDCL 23A-31-1. Both statutes provide the circuit court with jurisdiction for a period of two years from the date of the entry of the judgment of conviction to consider a motion to reduce a sentence. However, neither statute creates appellate jurisdiction from an order denying or granting a motion to reduce a sentence, nor does chapter 23A-32 provide this Court with jurisdiction to consider an appeal of such an order by either a defendant or the State. *See Kaufman,* 2016 S.D. 24, ¶¶ 11–12, 877 N.W.2d at 592 (determining appellate jurisdiction did not

exist to review an order denying a motion to withdraw a guilty plea because the Legislature had not enacted a statute authorizing an appeal from such order).

[¶14.]      For these reasons, the Court does not have appellate jurisdiction over Edelman's appeal and we dismiss the appeal.

[¶15.]      KERN, SALTER, DEVANEY, and MYREN, Justices, concur.